IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON SANCHEZ, ANDREW ORTEGA,
and ANTONIO GARCIA,

                Plaintiffs,

v.                                        Civ. No. 03-1005 JH/LFG

GARY HOFFMAN, individually and
in his official capacity, and
CITY OF ALBUQUERQUE, N.M.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on (1) Defendants' Motion to Dismiss (Doc. No. 5) in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure ("first motion to dismiss"), (2) Defendants' Motion to Dismiss (Doc. No. 21) in accordance with Rule 37 of the Federal Rules of Civil Procedure ("second motion to dismiss"), and (3) Defendants' Motion for Entry of Order of Dismissal (Doc. No. 24). For the reasons outlined below, the first motion to dismiss will be GRANTED, while the second motion to dismiss and the Motion for Entry of Order of Dismissal will be DENIED.

## BACKGROUND

This is an employment discrimination case brought by three current or former employees of Defendant City of Albuquerque ("the City"). Each of the plaintiffs alleges not only that he was discriminated against by defendants, but also that defendant Gary Hoffman ("Hoffman") committed a battery upon him. Plaintiffs all have asserted claims under 42 U.S.C. § 1983 and § 1988, Title VII of the Civil Rights Act of 1964, and New Mexico state law.

## DISCUSSION

**I.      Defendants' First Motion to Dismiss**

In their first motion to dismiss, Defendants argue that Plaintiffs' claims under Section 1983 should be dismissed for failure to state a claim. In their response to the motion (Doc. No. 17), the Plaintiffs concede that their claims under Section 1983 are not actionable and should be dismissed. Furthermore, because plaintiffs' claims under Section 1983 should be dismissed, there is no basis of an award of attorney's fees under Section 1988, and those claims should be dismissed as well.

More problematic are plaintiffs' tort claims for battery under New Mexico state law. Defendants have moved to dismiss those claims on the grounds that defendants have sovereign immunity. Specifically, defendants contend that the New Mexico Legislature has not waived the City's immunity for this claim. Plaintiffs do not contest this assertion and therefore apparently concede the point. Instead, in their Response to the motion, plaintiffs have asked the Court for permission to amend their complaint to allege negligent maintenance of a building or equipment under NMSA 1978, § 41-4-6. Based on the current state of the pleadings, this request should be denied.

Because defendants have answered and plaintiffs no longer may amend as of right, they must seek leave of Court in order to do so. Under D.N.M.LR-Civ. 15.1, a party seeking to amend his complaint must attach his proposed amended complaint to his motion seeking leave to amend. This affords the Court the opportunity to review the sufficiency of the proposed amended pleading and evaluate whether the plaintiffs have alleged sufficient facts to support their new claims or whether the proposed amendment is futile. In violation of the Local Rules, plaintiffs have failed to provide the court with a proposed amended complaint. For this reason alone, the plaintiffs' request for leave to amend should be denied at this time. However, if they wish and are able to do so within the bounds

of Rule 11 of the Federal Rules of Civil Procedure, plaintiffs may renew their request for leave to amend by filing a separate motion and a proposed amended complaint as required by Local Rule 15.1.

## II.     **Defendants' Second Motion to Dismiss and Defendants' Motion for Entry of Order of Dismissal**

For their second motion to dismiss, Defendants argue that this Court should dismiss Plaintiffs' complaint in its entirety as a sanction for Plaintiffs' failure to comply with the Court's rules and to meet their discovery obligations. Specifically, defendants contend that plaintiffs failed to meet and confer with them regarding discovery as required by Rule 26(f), failed to provide defendants with initial disclosures as required by Rule 26(a)(1), and failed to provide the Court or defendants with plaintiffs' portions of the initial pretrial report or the provisional discovery plan as required by Rule 26(f) and Local Rule 16.1. At the Rule 16 scheduling conference held on December 2, 2003, Chief Magistrate Judge Lorenzo Garcia instructed plaintiffs to cure these deficiencies no later than December 13, 2003. Plaintiffs neglected to comply with the Magistrate's directive, and subsequently defendants filed their second motion to dismiss (Doc. No. 21) on January 2, 2004. Because the motion was served by mail, the plaintiffs' response was due on January 19, 2004.

Plaintiffs then compounded the problem by failing to file a response to defendants' second motion to dismiss. Under the Local Rules in effect in this judicial district, the failure of a party to file and serve a response in opposition to a motion within the prescribed time constitutes consent to grant the motion. D.N.M.LR–Civ. 7.1(b). Accordingly, on January 23, 2004, defendants filed their Motion For Entry Of Order Of Dismissal (Doc. No. 24), asking the Court to grant their second motion to dismiss and to dismiss plaintiffs' complaint in its entirety due to plaintiffs' failure to respond. Plaintiffs did respond to the Motion For Entry Of Order Of Dismissal, claiming that they had not

responded to the second motion to dismiss because plaintiffs' counsel believed that a letter written by Judge Garcia to the parties on January 15, 2004 "had provided Plaintiffs with an avenue on how the court wanted counsel to proceed in regards to the allegations of the January 5th [sic] motion, in lieu of responding to the motion." Plaintiffs do not deny that they had failed to timely provide defendants with initial disclosures or their portions of the provisional discovery plan and initial pretrial report. Rather, they simply claim that Judge Garcia's letter of January 15 somehow relieved them of the obligation to respond to the motion.

Plaintiffs' assertion lacks merit for several reasons. First, a review of Judge Garcia's January 15 letter to counsel for Plaintiffs reveals that he did not explicitly relieve plaintiffs of the obligation to respond to the motion to dismiss. Rather, he observed that plaintiffs had disregarded both the Initial Scheduling Order and his earlier directive, given at the Rule 16 conference, to provide a properly completed provisional discovery plan and initial pretrial report to the Court. Next, he ordered plaintiffs to prepare and submit a consolidated and signed initial pretrial report within ten days. Finally, he admonished Plaintiffs that "[f]ailure to comply with this most recent directive will result in the issuance of a show cause order, and perhaps dismissal of this lawsuit with prejudice." Nowhere does Judge Garcia even mention the motion to dismiss, much less state that plaintiffs need not respond to the motion. In fact, the letter makes no reference whatsoever to several issues raised by defendants in the motion to dismiss, such as the need for a provisional discovery plan, plaintiffs' failure to provide initial disclosures, and the question of whether plaintiffs properly served their response to the first motion to dismiss.

Furthermore, despite the fact that the Federal Rules of Civil Procedure, our Local Rules, and the Initial Scheduling Order required plaintiffs to provide defendants with initial disclosures at the

4

commencement of the discovery period (which in this case was approximately eight months ago), the absence of the required certificate of service in the court file reveals that plaintiffs still have not done so. This failure to provide the initial disclosures is particularly egregious in light of the fact that (1) at the Rule 16 conference held on December 2, 2003, Judge Garcia apparently directed plaintiffs to provide the initial disclosures, and (2) in the briefs defendants have submitted to the Court on various issues, defendants have repeatedly pointed out plaintiffs' failure to provide initial disclosures. *See, e.g.*, Docket Nos. 27, 72.

Plaintiffs characterize the second motion to dismiss as an attempt "to have this case dismissed on procedural technicalities, rather than to have it be heard on its merits." Plaintiffs' Response at p.2. Yet the Federal Rules of Civil Procedure and the Local Rules are much more than mere "procedural technicalities." Rather, those rules provide a framework for the fair, timely, and orderly conduct of litigation, they protect all parties, and they help conserve scarce judicial resources.

Defendants' motion to dismiss for failure to make disclosures and to cooperate in discovery is governed by Rule 37(c)(1)[1], which provides:

> *A party that without substantial justification fails to disclose information* required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), *is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed*. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

(emphasis added). In deciding whether to impose sanctions under this provision, a court must assess

---

[1] Rule 37(a) applies when a party has filed a motion to compel disclosure or discovery, an situation not presently before the Court.

first whether the failure to disclose was supported by "substantial justification" and, second, whether the nondisclosure was harmless. *Paiz v. United States Postal Serv.*, 214 F.R.D. 675 (D.N.M. 2003) (Vázquez, C.J.).

With regard to the first factor, the Court finds that plaintiffs' failure to make initial disclosures under Rule 26(a) was not justified. To the contrary, plaintiffs have received numerous reminders of their disclosures obligations from both the Court and the defendants, yet still have not fulfilled those obligations. At the same time, plaintiffs have offered no explanation for their decision to ignore Rule 26(a). Accordingly, the first factor is satisfied.

With regard to the second factor, the Tenth Circuit has held that, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quotations omitted). Although a court is not required to make explicit findings to support its ruling on sanctions, "the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Defendants have made an adequate showing of prejudice. They have stated that plaintiffs' failure to identify witnesses in initial disclosures has made it difficult for defendants to schedule depositions. As a result, defendants have had to use interrogatories and requests for admission as an alternate method of obtaining information that they already should have received as of right, making it more likely that they would not be able to obtain other information during discovery and putting defendants at a disadvantage in the discovery process. Plaintiffs do not dispute any of these

6

arguments put forth by defendants.

Plaintiffs may not be able to cure the prejudice to defendants because discovery in the case is nearly over. Therefore, defendants have already incurred the costs of whatever extra steps they may have been forced to take to obtain the information they need to prepare their case.

Furthermore, there is significant evidence of willfulness, demonstrated not only by plaintiffs' initial disregard of their discovery obligations under the Rules and the Initial Scheduling Order, but also by their continued delay. Plaintiffs failed to provide defendants with the initial disclosures, provisional discovery plan, and initial pretrial report even after defendants reminded them of their obligations and requested the information. At the December 2, 2003 Rule 16 conference, Judge Garcia directed defendants to provide all of this information, yet plaintiffs still delayed. It was only after receiving Judge Garcia's January 15, 2004 letter warning them of the possibility of sanctions that plaintiffs finally provided the Court with a completed Initial Pretrial Report. However, they still have not provided defendants with Initial Disclosures. Plaintiffs' non-disclosure was not harmless.

Having made these findings, the Court must determine what sanction is appropriate in this case. As the Tenth Circuit has cautioned, dismissal is an "extreme sanction appropriate only in cases of willful misconduct," and "a weapon of last, rather than first, resort," because less drastic sanctions frequently will deter a previously noncompliant party. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.1992) (internal quotations and citations omitted). In contemplating dismissal as a sanction, a court typically should evaluate the degree of actual prejudice to defendant, amount of interference with judicial process, culpability of plaintiff, whether court warned plaintiff in advance that dismissal of action would be likely sanction for noncompliance, and efficacy of lesser sanctions. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994) (citing *Ehrenhaus*).

Given the extremity of dismissal, which is to be used only as a last resort, and because of the efficacy of lesser sanctions in this case, the Court will deny defendants' request for dismissal of plaintiffs' entire complaint. Instead, the Court imposes the following sanctions on plaintiffs for their willful disregard of discovery obligations: (1) plaintiffs may not introduce at trial the testimony of any witness who has not, as of the date of this Memorandum Opinion and Order, been disclosed to defendants either in writing or during the course of sworn deposition testimony; (2) plaintiffs may not offer into evidence at trial any exhibit that has not, as of the date of this Memorandum Opinion and Order, been produced to defendants. In addition, within seven (7) days of entry of this Order plaintiffs must provide defendants with a computation of damages as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.

Further, Plaintiffs and their counsel are warned that they are expected to proceed as required by the Federal Rules of Civil Procedure and the Local Rules. The Court will not hesitate to impose additional sanctions—including dismissal of the complaint—as may be appropriate for any future disregard of the orders of this Court or of the local and federal rules.

Accordingly, IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss in accordance with Rule 12(b)(6) is GRANTED. Plaintiffs' claims under 42 U.S.C. § 1983 and § 1988 are DISMISSED WITH PREJUDICE. Plaintiffs' tort claims for battery are DISMISSED WITHOUT PREJUDICE;

(2) Defendants' Motion to Dismiss (Doc. No. 21) in accordance with Rule 37 of the Federal Rules of Civil Procedure is DENIED;

(3) Defendants' Motion for Entry of Order of Dismissal (Doc. No. 24) is DENIED;

(4) Plaintiffs are prohibited from offering certain testimony and exhibits into evidence at trial in

accordance with this Memorandum Opinion and Order;

(5) Plaintiffs must provide defendants with a computation of damages as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure within seven (7) calendar days of entry of this Order.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE